IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL RUFFIN,

    Petitioner,

vs.                                                                      Case No. 4:14cv509-MW/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS AMENDED § 2254 PETITION

On October 2, 2014, Petitioner Michael Ruffin, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner subsequently filed an amended § 2254 petition. ECF No. 5. Petitioner challenges his 1999 conviction and sentence entered by the Second Judicial Circuit, Leon County, Florida. *Id.* On March 18, 2015, Respondent filed a motion to dismiss the habeas petition as successive, with exhibits. ECF No. 11. Petitioner has filed a reply to the motion to dismiss, with exhibits. ECF No. 15.

---

    [1]The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida Department of Corrections in place of Michael D. Crews. Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Analysis

Petitioner challenges his 1999 conviction and sentence for one count of armed robbery with a firearm and two counts of kidnaping from the Second Judicial Circuit, Leon County, Florida. ECF No. 5. Petitioner identifies the trial court case number as 97-2507. *Id.* at 1. He raises four grounds, all alleging "newly discovered evidence" in the form of exculpatory statements from four individuals: (1) Carvin Smith, *id.* at 5; (2) Sonny Hinson, *id.* at 6; (3) Virgil Monts, *id.* at 8; and (4) Ginger Carter, *id.* at 10.

Respondent has filed a motion to dismiss, arguing the § 2254 petition as successive. ECF No. 11. Respondent's argument is well-taken.

As Respondent indicates, Petitioner Ruffin did not disclose that he previously filed three other habeas petitions in this Court challenging the same convictions: (1) Ruffin v. Crosby, No. 4:05cv364-MP/EMT, Ex. A; (2) Ruffin v. McNeil, No. 4:09cv360-

RH/WCS, Ex. B; and (3) Ruffin v. Tucker, No. 4:11cv404-WS/WCS, Ex. C.[2]  As Respondent also explains, although Petitioner indicates the convictions for armed robbery with a firearm and kidnaping he challenges are in Leon County Circuit Court case number 97-2507, the actual case numbers are 97-2605 and 97-2607.  Ex. D.  Thus, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A).

This Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Court of Appeals has authorized its filing.  *See* 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition).  Petitioner does not indicate he has obtained permission to file a successive habeas petition and, as Respondent points out, the Eleventh Circuit has repeatedly denied him permission to do so.  Ex. E.   Therefore, this § 2254 petition challenging the judgment in Leon County Circuit Court case numbers are 97-2605 and 97-2607 is successive and should be dismissed.

## **Conclusion**

For the reasons stated above, this § 2254 petition is an unauthorized successive petition and this Court does not have jurisdiction to consider it.  Accordingly,

---

[2]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 11.

Respondent's motion to dismiss (ECF No. 11) should be granted and the amended § 2254 petition (ECF No. 5) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

Respondent's motion to dismiss (ECF No. 11) should be granted and the amended § 2254 petition (ECF No. 5) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 11) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (ECF No. 5) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Julie L. Jones as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on November 24, 2015.

                           s/ Charles A. Stampelos
                           **CHARLES A. STAMPELOS**
                           **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**