IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL RUFFIN,

      Petitioner,

v.                                                     4:14cv509-WS/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,

      Respondent.

_____

ORDER DISMISSING PETITIONER'S AMENDED
PETITION FOR WRIT OF HABEAS CORPUS

Before the court is the magistrate judge's November 2015 report and

recommendation (doc. 16). In that report and recommendation, the magistrate

judge recommends that the petitioner's amended petition for writ of habeas corpus

(doc. 5) be dismissed for lack of jurisdiction because the petitioner failed to

demonstrate that the United States Court of Appeals for the Eleventh Circuit

granted him leave to file a second or successive petition. The petitioner, Michael

Ruffin, previously filed three petitions for habeas corpus challenging the same

convictions that he challenges here, and the Eleventh Circuit has three times denied

Ruffin's request for permission to file a successive petition.

Ruffin has filed objections (doc. 21) to the magistrate judge's report and recommendation, asserting that he is actually innocent of the crimes for which he was convicted and that he has new evidence to support such assertion. He suggests that his claim of actual innocence trumps the requirement that he obtain permission from the Eleventh Circuit before seeking relief in the district court.

Before filing a second or successive habeas corpus petition in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). "A second or successive motion must be certified as provided in section 2244 by a panel of *the appropriate court of appeals* to contain—(1) newly discovered evidence [of actual innocence]; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h) (emphasis added). A district court may not, without prior authorization from the court of appeals, consider a gateway claim of actual innocence raised in a second or successive petition. *See, e.g.*, *Hanner v. Sec'y, Dep't of Corr.*, No. 8:12–cv–T–23TGW, 2012 WL 3070999, at *2 (M.D. Fla. July 26, 2012) (noting that "[e]ven if [the petitioner] could pass through the actual innocence gateway, [he] is precluded from pursuing a second or successive petition without permission

from the Eleventh Circuit Court of Appeals"); *see also Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013) (explaining, in the context of a federal habeas case, that a district court lacks jurisdiction to consider a successive or second petition raising an actual innocence claim where the petitioner fails to first apply for and receive authorization from the court of appeals). The petitioner's arguments to the contrary are without merit.

Because Ruffin has *not* received authorization from the court of appeals to file his successive petition for writ of habeas corpus, this case must be dismissed as recommended by the magistrate judge. Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (doc. 16) is adopted and incorporated by reference in this order of the court.

2. The respondent's motion (doc. 11) to dismiss Ruffin's amended petition for writ of habeas corpus is GRANTED.

3. Ruffin's amended § 2254 petition (doc. 5) for writ of habeas corpus is DISMISSED for lack of jurisdiction.

4. The clerk shall enter judgment stating: "Michael Ruffin's § 2254 petition for writ of habeas corpus is DISMISSED."

5. A certificate of appealability is DENIED.

6. Leave to appeal in forma pauperis is DENIED.

DONE AND ORDERED this ___22nd___ day of ___February___, 2017.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE